Dr. W.N. Kirby Commissioner of Education Texas Education Agency 1701 N. Congress Avenue Austin, Texas 78701-1494
Re: Whether certain funds from school-related activities may be used by a school district to provide scholarships for graduates (RQ-2092)
Dear Dr. Kirby:
You ask whether, in the absence of a donation, locally derived monies that have become public school property may be used for college scholarships awarded by the public school district. Specifically, you refer to so-called "activity funds" or "agency funds," which you describe as the funds considered by this office in an earlier, unrelated opinion, Attorney General Opinion JM-42
(1983). In that opinion, these funds were described as follows:
 [T]hose monies belonging to various organizations such as the PTA (Parent-Teachers Association), school bands, drill team clubs, and athletic booster clubs which are held by a school district for safekeeping and accounting. The monies are not derived from taxes but are generally obtained by an organization through solicitation of contributions, promotions and similar functions for the sole benefit of the organization, with such monies being the property of the organization and not the school districts. The school district merely acts as custodian of the monies.
You advise that, in addition to the above described funds, "activity funds" or "agency funds" may include funds generated by a public school from class ring sales, photos, student club and class balances, and other activities. According to your letter,
 [p]ublic schools have varying arrangements withpatron/student groups. In some cases surplus monies are transferred to the district and become district property under the terms of the custodial agreement; in other cases the monies remain the property of the patron/student organization and surplus can be donated to the district.
As an example, you enclose a letter from the superintendent of the Aldine Independent School District to the Texas Education Agency that describes the following fact situation:
 The district manages agency funds generated by school activities. The district keeps a ledger record of the monies deposited from each activity. These commingled monies are to be used for their students, and the balance remaining in the single interest-bearing bank account is carried forward from year to year.
 The superintendent's letter goes on to inquire whether interest accruing on the funds in the above-described account may be used for college scholarships. You do not explain how the interest accrued on the account described in the superintendent's letter becomes the property of the school district, but presumably, it is by contractual agreement and not by donation.[1]
 Section 20.48 of the Education Code prescribes the purposes for which funds of the public free school system may be expended. Subsection (c) of that section enumerates purposes for which "[l]ocal school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources" may be used. (Emphasis added.) In addition to the purposes specifically enumerated, subsection (c) provides that such funds may be used "for other purposes necessary in the conduct of the public schools to be determined by the board of trustees." (Emphasis added.)
You suggest that an expenditure for scholarship purposes would not appear "necessary" to conduct a public school. Certainly such an expenditure is not "necessary" if necessary is taken to mean "indispensable." However, the word necessary as used in section 20.48 and its predecessor statute, article 2827, V.T.C.S., has been construed as permitting such expenditures as medical inspection, cafeterias, crossing guards, and the reimbursement of certain expenses incurred by school board members. See Moseley v. City of Dallas, 17 S.W.2d 36 (Tex. Comm'n App. 1929, judgm't adopted); Bozeman v. Morrow, 34 S.W.2d 654 (Tex.Civ.App.-El Paso 1931, no writ); Attorney General Opinions JM-490 (1986); H-133 (1973). Other examples could be cited. None of the expenditures in these examples is, strictly speaking, indispensable to the conduct of a public school. In the context of section 20.48, "necessary" appears to mean appropriate or conducive to the conduct of a public school rather than indispensable thereto. Accord Black's Law Dictionary 928 (6th ed. 1990) (definition of "necessary").
Determining whether an expenditure is necessary is a matter for a school board in its sound discretion. Attorney General Opinion H-133. Moreover, any expenditure of public funds must serve a true public purpose and not merely private ends. Tex. Const. art. III, § 51; see G. Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis 229-36, and authorities cited therein.
The encouragement and motivation of students in academic achievement would seem to be an appropriate function of the public free schools. Accordingly, it is not possible to say, as a matter of law, that a scholarship could not be structured to further the achievement of a legitimate public purpose of a school district in its conduct of the public schools. The use of "activity funds" or "agency funds" not being otherwise restricted, they may be used for college scholarships found to be "necessary in the conduct of the public schools" within the meaning of section 20.48 of the Education Code. The authority to make such a determination of fact has been delegated by the legislature to the board of trustees.
 SUMMARY
In the absence of a donation, monies derived from various organizations such as the PTA, school bands, drill team clubs, and athletic booster clubs or generated by a public school from class ring sales, photos, student club and class balances, and other activities ("activity funds" or "agency funds") that have become public school property may be used for college scholarships awarded by the public school district if such scholarships are found to be "necessary in the conduct of the public schools" within the meaning of section 20.48 of the Education Code. The authority to make such a determination of fact has been delegated by the legislature to the board of trustees.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by John Steiner Assistant Attorney General
[1] Section 21.903 of the Education Code provides, in part:
 (b) The funds or other property donated or the income therefrom may be expended by the trustees:
 (1) for any purpose designated by the donor so long as that purpose is in keeping with the lawful purposes of the schools for the benefit of which the donation was made; or
 (2) for any purpose authorized by rule of the State Board of Education in the event that no specific purpose is designated by the donor.